IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WARREN WALLRING
and RICHARD GOODEN,                            *
                                               *
              Plaintiffs,                      *
                                               *
vs.                                            *          No. 4:09CV00934 SWW
                                               *
STEPHEN J. JACKSON; J. MICHAEL                 *
STUART; THE STUART LAW FIRM P.A.;              *
HUMNOKE FARMS LTD; MORRIS C.                   *
"KIT" WILLIAMS; OLD REPUBLIC                   *
NATIONAL TITLE INS. CO.; CENTRAL               *
ARKANSAS TITLE AND INS. LLC; FIRST             *
UNITED BANK OF EARTH, TEXAS;                   *
PHILIP YORK; BRUCE B. TIDWELL;                 *
FRIDAY, ELDREDGE & CLARK, LLP;                 *
22ND JUDICIAL DISTRICT COURT; PHILIP           *
T. WHITEAKER; JANET C. HENRY; ALICE            *
C. COOK; DEBORAH OGLESBY; JOHN                 *
DOES 1-7; AND JUDY H. WHITE;                   *
                                               *
              Defendants.                      *


**Memorandum Opinion and Order**

       Plaintiffs Warren Walling and Richard Gooden bring this action *pro se* against Stephen J.

Jackson[1]; J. Michael Stuart; the Stuart Law Firm, PA; Humnoke Farms, Ltd.; Morris C. "Kit" Williams;

Old Republic National Title Insurance Co.; Central Arkansas Title and Insurance, LLC; First United

Bank of Earth, Texas, and its president, Phillip M. York; Bruce Tidwell; Friday, Eldredge & Clark, LLP;

the 22nd Judicial Court-2nd Division, Lonoke County, Arkansas; Judge Philip T. Whiteaker; Janet C.

Henry; Alice C. Cook; Deborah Oglesby; John Does 1-7; and Judy White. Plaintiffs sue the individual

defendants in their individual and official capacities, alleging they engaged in fraud and conversion;

conspired to commit criminal acts; denied them access to the courts; denied them their right to petition

---

[1]It does not appear that service was effected on Stephen J. Jackson.

for redress; and deprived them of their Fourteenth amendment rights to due process and equal protection

of the law and Fifth amendment right to just compensation in violation of 42 U.S.C. § 1983.

Now before the Court are motions to dismiss filed by separate defendants to which plaintiffs

failed to timely respond.  For the reasons stated below, the motions are granted.

## Discussion

Plaintiffs' allegations arise from the proceedings, rulings, and final judgments in two cases

decided in state court in Lonoke County, Arkansas, *Jackson v. Wallring & Gooden*, CV-06-529, and

*Humnoke Farms v. Jackson, Wallring, & Gooden,* CV-07-336[2], and in a state court case decided in the

394th District Court of Culberson, County, Texas, *Jackson v. First United Bank of Earth, Texas*, No.

4706.[3]

Separate defendant Oglesby, the Lonoke County circuit clerk, seeks dismissal on the basis of

qualified and quasi-judicial immunity; Friday, Eldredge & Clark firm and attorney Tidwell argue the

Court does not have subject matter jurisdiction based on the *Rooker-Feldman* doctrine and lacks diversity

as well as federal question jurisdiction.  Separate defendants attorney Stuart; Stuart Law Firm; Humnoke

Farms; certified financial planner Williams; Old Republic National Title Ins. Co., Central Arkansas Title

& Ins., LLC, and it employee, White, seek dismissal pursuant to the *Rooker-Feldman* doctrine as well

as lack of diversity jurisdiction and failure to state a claim; Judge Whiteaker, trial court assistant Henry,

and Cook, the official court reporter, move for dismissal on the basis of sovereign, quasi-judicial, and

qualified immunity.  Separate defendant First United Bank seeks dismissal for failure to state a claim and

lack of subject matter jurisdiction.

---

[2]*See* Am. Comp. (doc. 15); Friday, Eldredge & Clark, Mot. to Dismiss (doc. 26), Ex. A.

[3]*See* First United Bank and York, Mot. to Dismiss (docket entry 35), Ex. B.

> The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.

*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (internal citations and footnotes omitted).

Cases interpreting *Rooker-Feldman* "make it clear that a litigant cannot circumvent the doctrine by recasting his or her lawsuit as a § 1983 action." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997) (citing *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990)). Additionally, application of *Rooker-Feldman* does not depend on a final judgment on the merits of an issue, and procedural due process does not provide an exception to the doctrine. *In re Goetzman*, 91 F.3d 1173, 1178 (8th Cir.), *cert. denied*, 519 U.S. 1042 (1996).

Plaintiffs complain about the actions of the attorneys, law firms, bank, financial planner, judge and court personnel, and title companies involved transactions that are the subject matter of the state court cases.[4] To grant plaintiffs the relief they seek in this federal action, this Court must necessarily find that the state courts wrongfully decided the issues before them. Plaintiffs' claims are inextricably intertwined with the issues in their state court cases. The Court, therefore, should and hereby does dismiss plaintiffs' claims.

**Conclusion**

---

[4]Because the Court finds the *Rooker-Feldman* doctrine dispositive, it will not address separate defendants' arguments for dismissal on the basis of Eleventh Amendment, qualified, judicial immunity, diversity, and federal question jurisdiction.

IT IS THEREFORE ORDERED that the motions to dismiss [docket entries 22, 26, 30, 32, 35]

are granted.  Plaintiffs' complaint is dismissed with prejudice.

DATED this 29th day of November, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE